ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
ALEX TABAK,

                Plaintiff,

                - against -

LIFEDAILY, LLC
                Defendant.
- - - - - - - - - - - - - - - - - X

21 CV 04291 (LLS)

## DEFAULT JUDGMENT

This matter comes before the Court on plaintiff Alec Tabak's motion for entry of default judgment against defendant LifeDaily, LLC under Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2. Because the motion seeks statutory damages, a hearing is not required. Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989). Upon consideration of all filings in connection with the motion, as well as all pleadings, the Court rules as follows:

## FACTUAL BACKGROUND

The following facts are drawn from Tabak's complaint and are accepted as true for purposes of this motion.

Tabak is a professional photographer based in New York City who licenses his photographs for a fee. Compl. ¶ 5. LifeDaily is a limited liability company organized under Delaware law with its principal place of business in New York City. Id. ¶ 6.

- 1 -

LifeDaily owns and operates a website at the URL: www.lifedaily.com. Id. ¶ 7.

Tabak photographed Verran Madhavan, id. ¶ 8, and registered two photographs (the "Photographs") with the United States Copyright Office. Id. ¶ 11. The copyright became effective on June 23, 2017. Id. On May 26, 2017, Tabak licensed the Photographs to an online media source, which published them with a "gutter credit" identifying Tabak as the creator of the works. Id. ¶ 9. Later, LifeDaily ran an article on its website featuring the Photographs. Id. ¶ 13. LifeDaily did not license the Photographs from Tabak and, furthermore, removed Tabak's gutter credit in its republication. Id. ¶ ¶ 13, 15.

### PROCEDURAL BACKGROUND

Tabak filed a complaint in this Court on May 12, 2021, alleging LifeDaily had infringed on Tabak's copyright and violated the Digital Millennium Copyright Act. Id. ¶¶ 9, 27. LifeDaily was served with process on May 14, 2021 but has failed to answer or move against the complaint. Dkt. No. 8. On August 10, 2021, the Clerk entered a Certificate of Default. Dkt. No. 13. Tabak filed an application for entry of default judgment on September 16, 2021 seeking $2,500.00 in statutory damages under 17 U.S.C. § 504(c); $5,000.00 in statutory damages under 17 U.S.C. § 1202(b)(3); $595.00 in attorneys' fees and $440.00 in costs under 17 U.S.C. § 505; and for such further relief as this

Court deems just and proper.

**DISCUSSION**

**A. Jurisdiction**

These claims arise under the Copyright Act, 17 U.S.C. § 501, and the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202(b)(3).  This Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338. The complaint also is supported by well-pled allegations as to personal jurisdiction, such as LifeDaily is headquartered and transacts business in New York City. Compl. ¶¶ 3, 6. Thus, this Court has personal jurisdiction over LifeDaily.

**B. Liability**

A defendant who defaults admits to all "well-pleaded" factual allegations contained in the complaint. City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011). A party in default does not admit to conclusions of law. In re Indus. Diamonds Antitrust Litig., 119 F. Supp. 2d 418, 420 (S.D.N.Y. 2000). The district court must determine whether a plaintiff's allegations establish a defendant's liability as a matter of law. Id. Tabak presents two claims for this Court's evalution: copyright infringement and violation of the DMCA.

**1. Copyright Act**

"To establish infringement, two elements must be

proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  A certificate of timely copyright registration serves as prima facie evidence of ownership of a valid copyright. Scholz Design, Inc. v. Sard Custom Homes, LLC, 691 F.3d 182, 186 (2d Cir. 2012).

    To be original, a work must be independently created by the author and possess "'at least some minimal degree of creativity.'" Id. (quoting Feist Publ'ns, Inc., 499 U.S. at 345). In a photograph, elements of originality and creativity "may include posing the subjects, lighting, angle, selection of film and camera, evoking the desired expression, and almost any other variant involved." Rogers v. Koons, 960 F.2d 301, 307 (2d Cir. 1992). The original elements of a work will be considered "copied" if two works are so "strikingly similar as to preclude the possibility of independent creation." Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995).

    The factual allegations set forth in the complaint, taken as true, establish LifeDaily's liability under the Copyright Act. Tabak alleges he has a timely copyright to the Photographs. Compl. ¶¶ 10-12, Ex. C. An image of the

Photographs, attached to the complaint as Ex. A., and an image of the Photographs used on LifeDaily's website, attached to the complaint as Ex. E, are identical, down to the lighting and angle of the subject. These allegations are sufficient to state a claim of copyright infringement upon which relief can be granted.

### 2. **Digital Millennium Copyright Act**

Tabak fails to establish liability under the DMCA. To establish a DMCA claim pursuant to 17 U.S.C. § 1202(b)(3), a plaintiff must adequately allege:

> (1) the existence of CMI [copyright management information] in connection with a copyrighted work; and (2) that a defendant "distribute[d] ... works [or] copies of works"; (3) while "knowing that [CMI] has been removed or altered without authority of the copyright owner or the law"; and (4) while "knowing, or ... having reasonable grounds to know" that such distribution "will induce, enable, facilitate, or conceal an infringement."

Mango v. BuzzFeed, Inc., 970 F.3d 167, 171 (2d Cir. 2020) (quoting § 1202(b)(3)).

Here, LifeDaily published the Photographs without the corresponding gutter credit, the CMI, which was featured in Tabak's initial publication of the works. Compl. ¶¶ 9, 16.

To allege the next requirement, knowing removal of the CMI without the owner's consent, Tabak pleads that "[u]pon information and belief, in its Infringing Article, Defendant knowingly removed copyright management information identifying

- 5 -

Plaintiff as the owner of the Photographs" without Tabak's knowledge or consent. Compl. ¶¶ 24-25. Generally, "conclusory allegations based on information and belief are insufficient to support a finding of default-based liability." Flanagan v. N. Star Concrete Const., Inc., No. 13-CV-2300, 2014 WL 4954615, at *6 (E.D.N.Y. Oct. 2, 2014); see Oceanic Trading Corp. v. Vessel Diana, 423 F.2d 1, 4 (2d Cir. 1970) (reopening a default judgment that was based upon representations made on information and belief).

However, Tabak's allegations are not conclusory. Tabak knew that he did not grant LifeDaily authority to remove the gutter credit, the CMI, from the Photographs. It can thus be properly inferred that LifeDaily knew it did not have Tabak's approval when it removed the CMI. Thus, even though Tabak pleads upon information and belief, it is deemed admitted and true for purposes of this motion that LifeDaily knowingly removed the CMI without Tabak's authority.

The same cannot be said for the final condition— defendant knows that distribution without the CMI would conceal an infringement. The complaint alleges that the "alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the

Photographs." Compl. ¶ 26. No additional factual averments are provided.

As such, Tabak's complaint lacks the necessary factual detail to support a finding that LifeDaily violated the DMCA. Although a defendant admits to every "well-pleaded allegation" in the complaint upon default, allegations that "are not susceptible of proof by legitimate evidence" are not well-pleaded. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51 (2d Cir. 1971), judgment rev'd on other grounds, 409 U.S. 363 (1973). Where a plaintiff, such as here, merely repeats the statutory language under DMCA and fails to provide sufficient facts or evidence for the Court to infer defendant's scienter, the complaint fails to meet the necessary pleading threshold for a default judgment to be entered. See, e.g., Dixon v. Int'l Unified Workforce, Inc., No. 18-CV-7191, 2020 WL 6140054, at *3 (E.D.N.Y. Sept. 1, 2020) (finding plaintiffs had insufficiently pled enterprise liability in FLSA action where they merely repeated the statutory language and pled upon information and belief); Payamps v. M & M Convenience Deli & Grocery Corp., No. 16-CV-4895, 2018 WL 3742696, at *6 (E.D.N.Y. May 18, 2018) (collecting cases), report and recommendation adopted, Order (Mar. 31, 2020). This finding is bolstered by the fact that Tabak did not yet have a valid copyright

registration when LifeDaily allegedly removed the CMI and published the Photographs in violation of the DMCA.

The second claim for violation of the DMCA is dismissed.

### C. Default Judgment Under Rule 55

If a court is satisfied that the complaint states a claim upon which relief can be granted, default judgment may be entered. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even though "[s]trong public policy favors resolving disputes on the merits," Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir.1996), the decision to grant a motion for default judgment lies within the trial court's discretion. See Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001) "When determining whether to grant a motion for default judgment, courts in this district consider three factors: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016); see Pecarsky, 249 F.3d at 170-71.

First, to find that a defendant's default was willful "requires [finding] something more than mere negligence." New

York v. Green, 420 F.3d 99, 108 (2d Cir. 2005). Rather, it requires a finding of "egregious or deliberate conduct," like making the "strategic decision to default." Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996).

Here, LifeDaily received notice of this motion but failed to file any opposition to Tabak's application for default judgment. Neither did it file an answer or Rule 12(b)(6) motion or otherwise appear before this Court at any time. LifeDaily's default can be considered strategic and thus is willful.

Second, this Court is unable to evaluate any "meritorious defense," as LifeDaily failed to "answer or otherwise respond to the complaint, weighing in favor of default judgment." New York by James v. Debt Resolve, Inc., No. 18-CV-09812, 2021 WL 1200217, at *2 (S.D.N.Y. Feb. 4, 2021).

Third, Tabak would be severely prejudiced by the denial of this motion because he will have "'no additional steps available to secure relief'" from LifeDaily. Id. at *3 (quoting Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008)).

Therefore, default judgment is granted for the Copyright Act claim pursuant to Fed.R.Civ.P. 55(b)(2).

### D. Damages

#### 1. Statutory Damages Under the Copyright Act

Tabak seeks an award of $2,500 in statutory damages under the Copyright Act. A copyright holder may elect to recover statutory damages for each infringed work "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c). A plaintiff will be barred from recovering statutory damages and attorney's fees if a defendant engages in an infringing act prior to the effective date of plaintiff's copyright registration unless the registration is made "within three months after the first publication of the work." 17 U.S.C. § 412(2). Tabak initially published the Photographs on May 26, 2017 and the registration subsequently became effective less than three months later on June 23, 2017. Tabak's copyright infringement claims thus qualify for statutory damages.

In exercising discretion to determine the amount of statutory damages for a Copyright Act violation, courts consider six factors:

> (1) the infringer's state of mind, (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Products, Inc., 603 F.3d 135, 144 (2d Cir. 2010).

A willful state of mind supports a substantial statutory

- 10 -

damages award. See, e.g., Farrington v. Sell It Soc., LLC, No. 18 CIV. 11696, 2020 WL 7629453, at *1 (S.D.N.Y. Dec. 21, 2020) A willful infringement may be inferred from the defendant's default. See, e.g., id. ("[C]ourts in this circuit have consistently found that trademark and copyright infringement may be deemed willful by virtue of a defendant's default, without a further showing by the plaintiff."); Idir v. La Calle TV, LLC, No. 19 Civ. 6251, 2020 WL 4016425, at *2 (S.D.N.Y. July 15, 2020) (same); Innovation Ventures, LLC v. Ultimate One Distrib. Corp., No. 12 Civ. 5354, 2017 WL 10088143, at *5 (E.D.N.Y. Mar. 21, 2017) (same). But see Verch v. Blockchain Techs. Corp., No. 20-CV-2631, 2021 WL 1198784, at *2 (S.D.N.Y. Mar. 30, 2021) (holding default does not show willfulness). The claim of willfulness is further bolstered by the fact that LifeDaily "operates in the publishing industry and is presumed to have knowledge of copyright law" and "by [the] act at issue here, namely Defendant's removal of Plaintiff's gutter credit when Defendant republished the photograph[s] on its website." Farrington, 2020 WL 7629453, at *1.

"[LifeDaily]'s default also supports a finding as to the fifth factor—that Defendant did not 'cooperat[e] in providing evidence concerning the value of the infringing material.'" Id. at *2.

However, the remaining factors weigh against a substantial

statutory damages award. For the second, third, and sixth factors, Tabak has not put forth any evidence. Although Tabak need not prove actual damages, he has submitted no evidence that he lost revenue (no evidence of lost licensing fees) nor that LifeDaily profited from the infringement. See id.

For the deterrence factor (fourth factor), Tabak merely alleges that copyright protections secure intellectual property rights and deter future infringements. That is a truism; this factor looks to a relationship between the amount awarded and the degree of deterrence. A substantial damages award could deter defendants from a business practice of adopting their photographers' work product as their own, but Tabak has not made allegations specific to LifeDaily nor any claims that LifeDaily is a serial copyright infringer. See Verch, 2021 WL 1198784, at *2 (holding the deterrence factor weighed against a substantial statutory damages award when plaintiff only alleged that he "seeks statutory damages as a deterrent to willful infringers" and, furthermore, failed to allege how defendant is "a serial copyright infringer, or that it continues to infringe copyrights in spite of repeated notices of infringement").

Courts in this Circuit have typically awarded statutory damages between $1,000 and $5,000 in cases of single use copyright infringement, such as this one. See, e.g., id. (awarding $2,000); Farrington, 2020 WL 7629453, at *2 ("The

Court normally would consider an award of $1,000 for a single copyright infringement like this one appropriate to sufficiently promote the goals of deterrence that the Copyright Act is designed to protect."); Verch v. Sea Breeze Syrups, Inc., 2020 WL 7407939, at *4 (E.D.N.Y. Aug. 20, 2020) (awarding $1,000).

In consideration of the factors and guided by the calculations of other courts in this Circuit, this Court concludes Tabak is entitled to a statutory damages award of $2,500 for LifeDaily's infringement of the two Photographs.

### 2. Attorney's Fees

Pursuant to 17 USC § 505 of the Copyright Act, courts may award attorney's fees in cases of willful copyright infringement. See e.g., Kepner-Tregoe, Inc. v. Vroom, 186 F.3d 283, 289 (2d Cir. 1999); Hounddog Prods., L.L.C. v. Empire Film Grp., Inc., 826 F. Supp. 2d 619, 634 (S.D.N.Y. 2011).

> "When determining whether to award attorneys' fees [under 17 U.S.C. § 505], district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence.... The third factor—objective unreasonableness—should be given substantial weight."

Bryant, 603 F.3d at 144.

Here, by failing to answer the complaint, LifeDaily did not assert any defenses, frivolous or otherwise. Additionally, Tabak's claims were not objectively unreasonable. Both findings

- 13 -

weigh in favor of awarding attorney's fees.

Further, "[a]n award of attorneys' fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted." McGlynn, 2020 WL 6561658, at *4; see also Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12 CIV. 5456, 2013 WL 174226, at *5 (S.D.N.Y. Jan. 17, 2013), report and recommendation adopted, No. 12 CV 5456, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) ("[D]efault weighs in favor of awarding attorneys' fees and costs under 17 U.S.C. § 505."); All-Star Mktg. Grp., LLC v. Media Brands Co., 775 F. Supp. 2d 613, 628 (S.D.N.Y. 2011) (awarding plaintiff reasonable attorney's fees in a copyright infringement case where defendant defaulted). Tabak is thus entitled to attorney's fees.

The court must next ensure that the award is reasonable. Farrington, 2020 WL 7629453, at *3. A presumptively reasonable rate is the lodestar, the "product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011); see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). To determine a reasonable hourly rate, courts compare the market rates for "similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998).

- 14 -

An hourly rate of $350 is reasonable for Tabak's attorney, Mr. Freeman. See Mango, 397 F. Supp. 3d at 376 ("[T]he Court finds that $350 per hour is an appropriate rate for Freeman's hours.").

When determining the reasonableness of the hours expended on the case, courts consider whether, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). The plaintiff, as the party seeking attorney's fees, bears the burden of demonstrating that his request is reasonable by submitting contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

In support of his application for attorney's fees, Tabak's counsel has submitted a sworn declaration summarizing in a chart the services rendered, the hours expended per task, and the date on which each task was performed. Dkt. 15. The chart reveals that Tabak's counsel worked 1.7 hours total reviewing the case file, drafting the complaint, requesting the Clerk's Entry of Default, and writing the motion for default judgment. Without passing on whether the amount of time allotted to each task was reasonable, the aggregate 1.7 hours expended is reasonable. Accordingly, the Court grants Tabak's application

for $595 in attorney's fees.

### 3. Costs and Post-Judgement Interest

Under Section 505, the prevailing party can recover costs. Tabak seeks to recover $440 in costs to reimburse this Court's $400 filing fee and a $40 fee for service of process. Dkt. 15 ¶ 17. A plaintiff seeking to recover cost is required to submit bills or receipts of claimed expenses. James v. Nat'l R.R. Passenger Corp., 02-Cv-3915, 2005 WL 6182322 at *20 (S.D.N.Y. Mar.30, 2005). However, if a plaintiff, like Tabak here, fails to submit the required documentation, the Court may take judicial notice of the court filing fee. McGlynn, 2020 WL 6561658, at *12; Whitehead v. Mix Unit, LLC, 17-cv-9476, 2019 WL 384446, at *6 (S.D.N.Y. Jan. 31, 2019) (taking judicial notice of court filing fee but denying other costs for lack of sufficient documentation). Therefore, Tabak is awarded $400 for the filing fee but is denied the requested costs for service of process.

"The Court must award post-judgment interest on any money judgment recovered in a civil case," measured "'from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment,' 'computed daily to the date of payment' and 'compounded annually.'" Rovio Ent., Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546

(S.D.N.Y. 2015) (quoting 28 U.S.C. § 1961(a)-(b)). Thus, Taak is entitled to post-judgment interest calculated in the above manner.

## ORDER OF JUDGMENT

Defendant LifeDaily, LLC shall pay to Plaintiff Alex Tabak $2,500 in statutory damages for violating the Copyright Act, $595 in attorney's fees, and $400 in costs.

Defendants LifeDaily, LLC shall pay to Plaintiff Alex Tabak post-judgment interest on the above amounts at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment, computed daily to the date of payment and compounded annually.

IT IS SO ORDERED.

Dated: November 9, 2021

Louis L. Stanton
(U.S.D.J.)